IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

In re:

JEFFREY KENT GRACY,                                Case No. 15-1306-JTM

      Debtor.

_____

ARK VALLEY CREDIT UNION,

      Appellant,                                Bankruptcy Case No. 13-11917
                                                                   Adversary No. 14-5002

v.

J. MICHAEL MORRIS, TRUSTEE,

      Appellee.

**MEMORANDUM AND ORDER**

      This is the second appeal before the court involving Chapter 7 Trustee J. Michael Morris's right to avoid Ark Valley Credit Union's (AVCU) lien on a manufactured home that served as the debtor's homestead. In the first appeal, the Trustee challenged the bankruptcy court's determination that AVCU's lien did not attach to the manufactured home because the mortgage's habendum clause did not sufficiently describe the home and therefore, the lien could not be avoided. *See Morris v. Ark Valley Credit Union*, Case No. 15-1024-JTM. This court reversed that determination and remanded the matter to the bankruptcy court to determine whether that home was a fixture under Kansas common law. AVCU now appeals the bankruptcy court's determinations on remand that 1) the manufactured home was a fixture; 2) AVCU's lien attached to the manufactured home but was not properly perfected; and 3) the Trustee could

avoid and preserve AVCU's lien for the benefit of the estate pursuant to 11 U.S.C. § 544(b). For the reason set forth below, the court affirms the bankruptcy court's decision on remand.

**I.      Appellate Jurisdiction**

AVCU has elected to have the appeal heard by this Court. 28 U.S.C. § 158(c)(1). The appeal was timely filed by AVCU, and the bankruptcy court's Order on Remand, together with its Second Order on Remand that determined the precise value of the avoided lien, disposed of the adversary proceeding, rendering the order "final" within the meaning of 28 U.S.C. § 158(a)(1).

**II.     Standard of Review**

This court functions as an appellate court when asked to review a bankruptcy court's decision. 28 U.S.C. § 158(a); *Long v. Yoder (In re Long)*, 538 B.R. 108, 112 (D. Kan. 2015). A district court reviews the bankruptcy court's legal determinations *de novo* and its factual findings for clear error. *Id.* "When a case involves mixed questions of fact and law, courts 'conduct a *de novo* review if the question primarily involves the consideration of legal principles and apply the clearly erroneous standard if the question is primarily a factual inquiry.'" *Id.* (internal citations omitted). An appellate court reviews a "fixture" ruling for clear error and a perfection ruling *de novo*. *In re Reed*, 147 B.R. 571, 571 (D. Kan. 1992) (bankruptcy court's holding that the seller's assigned security interest in a modular home was not perfected by a notation on the modular home's certificate of title reviewed *de novo*); *Rice v. Simmons First Bank of Searcy (In re Renaud)*, 302 B.R. 280, 284 (Bankr. E.D. Ark. 2003) (issue of how a security interest in a mobile home is perfected under Arkansas law identified as a legal issue, while the issue of whether mobile home was a fixture under Arkansas law was identified as a factual one); *Hansen v. Green Tree Servicing, LLC (In re Hansen)*, 332 B.R. 8, 9 (B.A.P. 10th Cir. 2005) (how security interests in mobile homes are perfected in Wyoming described as substantive legal issue).

**III.    Factual Background**

Detailed facts regarding the parties, the manufactured home, and the bankruptcy case were set forth in the opinion deciding the first appeal, and will not be repeated here except as necessary to the analysis.

In the mid-1990s, Jeff Kent Gracy ("Debtor") bought land in Caldwell, Kansas (the "Caldwell realty") and moved a new manufactured home onto the property. Debtor and his wife lived there; she has since passed, but he continues to live there. He paid off the home's purchase money loan in 2007.

In 2009, Debtor borrowed $21,000 from AVCU on a home equity line of credit to pay for personal bills and expenses. To secure the loan, Debtor granted AVCU a 15-year revolving credit mortgage on the Caldwell realty. The mortgage did not note the presence of the manufactured home on the property.

A year later, Debtor obtained a second line of credit from AVCU in the amount of $26,000 and executed another revolving credit mortgage on the Caldwell realty. He used this money to build a detached garage on the property. The second mortgage likewise did not reference the manufactured home on the property. Debtor believed that both mortgages had granted a lien on the land, the manufactured home, and the detached garage.

Debtor filed a Chapter 7 bankruptcy petition on July 25, 2013. He claimed the Caldwell realty as his homestead and did not list the manufactured home as personal property on Schedule B.

The Trustee filed an adversary proceeding to avoid AVCU's alleged lien on the manufactured home as unperfected because the lien was not noted on the home's certificate of title as required by Kan. Stat. Ann. § 58-4204. AVCU denied that it took a lien on the home, thus there was nothing to avoid. The bankruptcy court agreed with AVCU, holding that the

3

mortgage did not sufficiently describe the home as collateral pursuant to Kan. Stat. Ann. § 84-9-108(e), thus a lien had not attached to the home. *Morris v. Ark Valley Credit Union (In re Gracy)*, 522 B.R. 686 (Bankr. D. Kan. Jan. 6, 2015) ("*Gracy I*"). The Trustee appealed that decision to this court.

On August 25, 2015, this court reversed the bankruptcy court's determination that the mortgage's habendum clause did not sufficiently describe the home. *Morris v. Ark Valley Credit Union (In re Gracy)*, 536 B.R. 887 (D. Kan. Aug. 25, 2015) ("*Gracy II*"). The court concluded that the mortgage's property description with the words "together with all. . . fixtures" evinces intent to grant and receive a lien on all fixtures appurtenant to the described parcel, including affixed mobile homes. *Id.* at 892-93. That conclusion required the court to determine whether the subject manufactured home was a fixture under Kansas law. AVCU argued that the Kansas Manufactured Home Act ("KMHA") was the exclusive means by which manufactured homes could become fixtures under Kansas law, citing *Mortgage Loan Trust 2001-4 v. Morris (In re Thomas)*, 362 B.R. 478 (10th Cir. BAP 2007). AVCU posited that because the home's certificate of title was never eliminated, the home remained personal property.[1] This court, not bound by the BAP decision, held, however, that the plain language of the KMHA "does not exclude common law as a means of converting a manufacture home into a fixture; it merely provides a set of conditions under which one can guarantee that a mobile home will be treated as a fixture." *Gracy II*, 536 B.R. at 894. As a result, the court concluded that the AVCU mortgages could have created a security interest that attached to the manufactured home if the home had become a fixture to the realty under Kansas law. Accordingly, the court remanded the matter to the

---

[1] The KMHA requires elimination of the home's certificate of title (*i.e.*, surrender of the certificate of title) and permanent affixation of the home to the real property for fixture status. Kan. Stat. Ann. § 58-4214.

4

bankruptcy court to determine whether the home had become a fixture under Kansas common law.

On remand, the bankruptcy court concluded that 1) the manufactured home was a fixture; 2) AVCU's lien attached to the manufactured home but was not properly perfected; and 3) the Trustee could avoid and preserve AVCU's lien for the benefit of the estate pursuant to 11 U.S.C. § 544(b) ("Order on Remand"). AVCU appeals the Order on Remand.

## IV. Analysis

AVCU poses three questions in this appeal: 1) is the mobile home a fixture under Kansas [common] law?; 2) is the KMHA the only means of treating mobile homes as fixtures?; and 3) does the mortgage sufficiently describe the mobile home? This court answered the latter two questions in *Gracy II*, which constitutes the law of the case with respect to those issues.

### A. The law of the case doctrine bars the KMHA exclusivity issue and the mortgage description issue.

"The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. Accordingly, when a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." *United States v. Alvarez*, 142 F.3d 1243, 1247 (10th Cir. 1998) (internal quotations and citations omitted). Three narrow grounds warrant departure from this rule: 1) when the evidence in a subsequent trial is substantially different; 2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or 3) when the decision was clearly erroneous and would work a manifest injustice. *Id.*

5

On remand, the bankruptcy court applied the law of the case when it analyzed the manufactured home's fixture status under the common law. Indeed, the bankruptcy court noted its application of the law of the case, stating: "All three factors having been shown, I conclude that this home is a fixture or improvement to the Caldwell land and, given the law of this case as determined by the District Court, is subject to [AVCU's] mortgage even though its title was never eliminated." Order on Remand at 8. This court must do so as well.

AVCU does not contend any of the three circumstances that might justify departing from the law of the case applies here. The "different or new evidence" exception does not apply because no evidence was produced on remand. AVCU cites no subsequent controlling decision. And AVCU has not argued the decision in *Gracy II* is manifestly unjust. AVCU essentially urges this court to reverse itself. The court declines to do so and leaves that decision for the Tenth Circuit of Appeals.

**B. The bankruptcy court did not clearly err in finding that the manufactured home was a common law fixture or improvement to the Caldwell land.**

AVCU argues that manufactured homes are personal property, rather than fixtures, when there is no evidence that there was a permanent foundation or a significant attachment. Dkt. 6 at 18. Attachment to the realty, however, is not dispositive of whether the manufactured home became part of the realty. *Atchison, T. & S. F. R. Co. v. Morgan*, 42 Kan. 23, 21 P. 809 (1889) (physical annexation to the realty is not alone sufficient to change character of personal property and is no longer the controlling test). Evidence that the property has been adapted to the land's use and that the annexor intended it to become part of the land are also factors to consider in determining fixture status. *Id.* at 811-12.

In this case, Debtor placed the manufactured home on his land to inhabit as his homestead and has done so for nearly 20 years. The home contributes considerable value to the

homestead property. *Id.* at 812 ((If a structure is placed on the realty to improve it and make it more valuable, that is evidence that it is a fixture.). It is anchored to the piers and slabs by "metal straps" or "stanchions." Utility services are connected to it through the floor of the structure from underground. The home has a wood porch that is attached the ground. The back door is accessible via concrete steps and a concrete pad. These facts support the bankruptcy court's finding that the manufactured home had been successfully adapted to the use of the realty and that Debtor intended that the home remain affixed and become part of the realty.

**IT IS THEREFORE ORDERED** this 8th day of August 2016, the bankruptcy court's decision is **AFFIRMED**.

s/J. Thomas Marten
J. THOMAS MARTEN, Judge